

```
IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF TEXAS
           FORT WORTH DIVISION
```

STEWART LE RICHARDSON,            §
                                  §
           Petitioner,            §
                                  §
v.                                §    No. 4:18-CV-477-A
                                  §    (Consolidated with
LORIE DAVIS, Director,            §    No. 4:18-CV-481-A)
Texas Department of Criminal      §
Justice, Correctional             §
Institutions Division,            §
                                  §
           Respondent.            §

## MEMORANDUM OPINION AND ORDER

These are consolidated petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Stewart Le Richardson, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Lorie Davis, director of that division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. FACTUAL AND PROCEDURAL HISTORY

The case has a lengthy factual and procedural history, which the state appellate court summarized as follows:

### I. Introduction

> These two [cases] arose from an alcohol-related car accident in February 2009. [Petitioner] was driving a truck that was elevated for off-road use. As

[petitioner] approached a red light, he failed to slow
down and drove the truck up, over, and on top of the
rear end of a car stopped at the light. The truck
crushed the car, causing numerous injuries to a family
of four inside. The driver and the two backseat
passengers were injured. One of the backseat passengers
was a two-year-old boy who ultimately died six years
later as a result of the massive brain trauma he
sustained in the accident. [Petitioner] pleaded guilty
to driving while intoxicated, felony repetition . . .
and to one count of aggravated assault causing serious
bodily injury and three counts of aggravated assault
with a deadly weapon, to wit: a motor vehicle . . . .

. . .

## II. Procedural Background

### A. The Indictments

After the accident, two indictments were returned
against [petitioner]. He was indicted in one case for
felony DWI, alleging a repeat-offender notice for two
prior convictions from Iowa for "operating under the
influence unintentionally causing serious injury."

[Petitioner] was also indicted in a separate case
for four counts of intoxication assault, four counts of
aggravated assault causing serious bodily injury, and
four counts of aggravated assault causing bodily injury
with a deadly weapon.

The indictment also alleged a repeat-offender
notice for three prior convictions from Iowa for
"operating under the influence unintentionally causing
serious injury."

### B. [Petitioner]'s Guilty Plea in the Felony DWI Case

In January 2010, [petitioner], along with his
counsel, executed written plea admonishments in the
felony DWI case. [Petitioner] pleaded guilty to felony
DWI based on an agreement with the State that the
sentence imposed by the trial court in the felony DWI
case would not exceed, and would run concurrently with,
whatever sentence was ultimately assessed in the
aggravated assault case. In exchange for [petitioner]'s
guilty plea in the felony DWI case, the State also

2

agreed to waive the four counts of intoxication assault alleged in the indictment in the aggravated assault case. The trial court found [petitioner] guilty in the felony DWI case based on his plea of guilt and his judicial confession, which was contained in the written plea admonishments, and carried the punishment trial of the felony DWI case so that it could be conducted concurrently with the trial on the merits and the punishment trial in the aggravated assault case, which was set for February 8, 2010.

### C. [Petitioner]'s Motion to Quash in the Aggravated Assault Case

Three days before trial was set in the aggravated assault case, [petitioner] filed a motion to quash the enhancement allegations in the aggravated assault indictment, claiming that the Iowa convictions were for aggravated misdemeanors and were therefore ineligible for use as felonies for enhancement purposes. The trial court granted [petitioner]'s motion to quash, ordered that the State could not use the Iowa convictions as felony enhancements, and ordered the State to not refer to the Iowa convictions as prior felony convictions.

### D. The State's Interlocutory Appeal

After the trial court granted [petitioner]'s motion to quash in the aggravated assault case, the State perfected an interlocutory appeal in February 2010. This court dismissed the State's interlocutory appeal for want of jurisdiction, holding that no appeal was authorized under article 44.01(a)(1) of the code of criminal procedure. The State petitioned for review from the Texas Court of Criminal Appeals. The court of criminal appeals granted the State's petition, determined that this court did possess jurisdiction over the State's appeal, reversed this court's judgment, and remanded the State's appeal to us. On remand, this court analyzed [petitioner]'s Iowa convictions under Texas Penal Code section 12.41 and held that in Texas they are classified as third-degree felonies, so they may be used for enhancement purposes in Texas. We reversed the trial court's order quashing the enhancement paragraphs of the indictment and remanded the aggravated assault case to the trial court.

3

Following the issuance of our opinion, [petitioner] sought rehearing, which was denied. [Petitioner] then filed a petition for discretionary review with the court of criminal appeals, which was refused. The court of criminal appeals also rejected [petitioner]'s subsequent motion for rehearing of the denial of discretionary review. [Petitioner] moved to stay the issuance of this court's mandate for three months while he filed a petition for writ of certiorari. [Petitioner] ultimately did not file a petition for writ of certiorari, and mandate issued in March 2015. Jurisdiction in the aggravated assault case was thus returned to the trial court five years after the State's interlocutory appeal was initiated.

### E. [Petitioner]'s Pretrial Motions and Guilty Pleas in the Aggravated Assault Case

After jurisdiction was returned to the trial court, [petitioner] filed a motion to dismiss for failure to provide a speedy trial in . . . [each] case, arguing that he was denied a speedy trial as a result of the lengthy appellate proceedings. The trial court held a hearing on [petitioner]'s speedy-trial motion and orally denied the motion.

Two months later, at the outset of the plea hearing in the aggravated assault case, after the trial court stated that [petitioner] would be entering guilty pleas, [petitioner] renewed his speedy-trial motion based on appellate delay. The trial court again orally denied the motion.

The trial court also heard [petitioner]'s newly-filed motion to quash the enhancement allegations, which argued that the trial court must treat his Iowa convictions as misdemeanors pursuant to the Full Faith and Credit Clause of the United States Constitution . . . . The trial court denied the motion. [Petitioner]'s counsel then sought the trial court's permission to appeal the ruling on the motion to quash "if [petitioner] desires to appeal his case." The trial court orally granted [petitioner] permission to appeal that sole issue.

[Petitioner] executed written plea admonishments related to each of the four counts of aggravated assault and entered an open plea of guilty to each of

4

the four counts, a plea of not true to the enhancement
counts, and a plea of true to the deadly-weapon notice.
The trial court accepted [petitioner]'s pleas. At the
conclusion of the plea hearing, the judge met with the
parties in chambers to discuss scheduling the
punishment trial.

### F. Sentencing for Both Cases in the Trial Court

At the outset of the punishment trial,
[petitioner] re-urged his motion to dismiss for failure
to grant a speedy trial and his motion to quash the
enhancement allegations based on his full-faith-and-
credit argument. The trial court again orally denied
the motions. After a three-day punishment trial, the
trial court pronounced sentence. In [petitioner]'s
felony DWI case, the trial court found the
repeat-offender and the deadly-weapon notices to be
true and sentenced [petitioner] to twenty years'
confinement. In the aggravated assault case, the trial
court also found the repeat-offender and the
deadly-weapon notices to be true and sentenced
[petitioner] to fifty years' confinement. In accordance
with [petitioner]'s plea agreement in the felony DWI
case, the trial court ordered the sentences to run
concurrently.

### G. The Trial Courts Certifications and [Petitioner]'s Appeals

Right after pronouncing the sentence in the
aggravated assault case, the trial court stated, "You
have the right to appeal my decision." The trial court
certified that [petitioner] had the right to appeal in
both cases. [Petitioner] perfected an appeal in both
cases.

(Mem. Op 1-8 (footnotes and citations omitted).)

## II. ISSUES

In three grounds for relief, petitioner raises the following

claims:

(1)  the appellate court abused its discretion by
    ruling that an "out-of-state adjudicated and
    disposed misdemeanor could be used as a felony in

5

>      Texas for purposes of enhancement violating the
>      5th and 14th" Amendments;
>
> (2)  the appellate court abused its discretion by
>      ruling that "the trial court couldn't quash the
>      indictment used for enhancement of the
>      aforementioned out-of-state misdemeanor in
>      violation of the 5th and 14th" Amendments; and
>
> (3)  the trial court abused its discretion by
>      overruling petitioner's "Motion on Speedy Trial in
>      violation of his 6th [Amendment] right to Speedy
>      Trial."

(Pet. 6-7.)

### III. RULE 5 STATEMENT

Respondent believes that petitioner sufficiently exhausted his claims in state court and that the petition is neither time-barred nor subject to the successive-petition bar. (Resp't's Answer 5-6.)

### IV. STANDARD OF REVIEW

A 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)(2); *Harrington v. Richter*, 562 U.S. 86, 100-01 (2011).

6

The statute also requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. A petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

Additionally, when the Texas Court of Criminal Appeals denies relief on a federal claim without written opinion, a federal court may presume that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary and applied the correct "clearly established federal law" in making its decision. *Johnson v Williams*, 568 U.S. 289, 298 (2013); *Richter*, 562 U.S. at 99; *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2004). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018).

## V. DISCUSSION

### A. Speedy Trial

In his third ground, petitioner claims that the trial court abused its discretion by overruling his motion for speedy trial. (Pet. 7.) On appeal of petitioner's final judgments, the appellate court dismissed his felony-DWI appeal for want of jurisdiction based on petitioner's waiver of his right to appeal as part of his plea agreement and the fact that he had not obtained the trial court's permission to appeal in that case. (Mem. Op. 9-14.) Similarly, the appellate court overruled petitioner's aggravated-assault appeal as to the speedy-trial claim based on his written waivers of his right to appeal and the fact that he had not obtained the trial court's permission to appeal the issue. (Id. at 14-17.)

Although petitioner's direct appeals as to this issue were foreclosed by state law, petitioner did not necessarily waive his right to pursue the issue on state post-conviction habeas review. See Flanagan v. Johnson, 168 F.3d 485, 485 (5th Cir. 1999). Nevertheless, although he did raise his speedy-trial claim in his state habeas applications, the state habeas court found that the issue was firmly grounded in the record and thus should have been raised on direct appeal. (01SHR 91-92; 02SHR 52.[1]) Based on its findings, and applicable state law, the habeas court concluded

that "the error-preservation requirement exists with equal force in habeas proceedings as it does in appellate proceedings" and that article 11.07 may not be used to litigate matters which should have been raised on direct appeal. (01SHR 93-94; 02SHR 55.) This procedural ruling was the last reasoned decision on the issue.

Under the procedural-default doctrine, a federal court may not consider a state prisoner's federal habeas claim(s) when the last reasoned state court opinion expressly and unambiguously rejects a claim based on an independent and adequate state procedural default. *See Ylst v. Nunnemaker,* 501 U.S. 797, 802-04 (1991); *Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *Fisher v. Texas,* 169 F.3d 295, 300 (5th Cir. 1999). "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain,* 128 F.3d 900, 902 (5th Cir. 1997). The Fifth Circuit has recognized that the procedural rule barring consideration of record-based claims not properly raised on direct appeal in habeas proceedings is an adequate state ground for barring federal habeas review. *Dorsey v. Quarterman,* 494 F.3d 527, 532 (5th Cir. 2007) (citing *Ex parte Gardner,* 959 S.W.2d 189, 191 (Tex. Crim. App. 1996) (op. on reh'g)).

A state prisoner may overcome a procedurally-barred claim by demonstrating either cause for the procedural default and actual prejudice or that failure to consider the claim will result in a

9

fundamental miscarriage of justice—*i.e.*, that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman*, 501 U.S. at 750. Such showing not having been demonstrated by petitioner, his speedy-trial claim is procedurally barred from this court's review.

### B. Full Faith and Credit

In his first and second grounds, petitioner asserts that the appellate court abused its discretion by ruling that his prior Iowa misdemeanor convictions for "operating under the influence unintentionally causing serious injury" could be used as felony convictions for enhancement of his punishment range under § 12.42(d) of the Texas Penal Code and that the trial court could not quash the indictments. (Pet. 6.) Respondent asserts that the state court's interpretation of what constitutes an offense under state law is not open to reinterpretation on federal habeas review. (Resp't's Answer 8.) *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bridge v. Lynaugh*, 838 F.2d 770, 772 (5th Cir. 1988).

In its earlier opinion on remand, and relying solely on relevant state law, the appellate court addressed the issue as follows:

> Section 12.41 of [the Texas] penal code is entitled "Classification of Offenses Outside this Code" and governs how offenses committed outside of this state are classified for enhancement purposes. Section 12.41 provides:

> For purposes of this subchapter, any conviction not obtained from a prosecution under this code shall be classified as follows:
> (1) "felony of the third degree" *if imprisonment* in the Texas Department of Criminal Justice *or another penitentiary* is affixed to the offense as a *possible* punishment;
>
> (2) "Class B misdemeanor" if the offense is not a felony and confinement in a jail is affixed to the offense as a possible punishment;
>
> (3) "Class C misdemeanor" if the offense is punishable by fine only.

The parties agree that several years ago [petitioner] was convicted in Iowa for an offense that the law of that state classifies as an "aggravated misdemeanor" and that aggravated misdemeanors in Iowa carry a possible punishment of two years confinement in a penitentiary. Given these facts, we can quickly rule out subsection (3) of section 12.41 as inapplicable because [petitioner] was punished by 45 days' confinement in jail. That leaves subsections (1) and (2).

[Petitioner] argues that subsection (2) applies because Iowa designated the offense as a misdemeanor and because he was punished for it by confinement in a jail. By [petitioner]'s reasoning, if an offense resulted in actual confinement in jail, then confinement in jail was a possible punishment, and if one state calls it a misdemeanor, it cannot be a felony for enhancement purposes in another. Therefore, [petitioner] concludes, subsection (2), not subsection (1), applies.

There is no dispute that actual jail confinement proves the possibility of jail confinement. But does it necessarily follow that what Iowa classifies as a misdemeanor is not a felony in Texas for enhancement purposes under section 12.41? Is [petitioner] correct that subsection (1) does not apply? The Iowa offense, for which [petitioner] was actually punished by confinement in a county jail in that state, as both

11

sides agree and the trial court found, carried a *possible* punishment of two years in an Iowa penitentiary. Therefore, on its face subsection (1) applies at least to the extent that imprisonment in another (not Texas) penitentiary was affixed to the offense as a possible punishment.

Without citing any authority, [petitioner] and the trial court seemed to accept as a given that because the citizens of another state, acting through their legislature, have designated the offense he committed in their state a "misdemeanor," that we in Texas must follow that designation in applying our own laws relating to the effect that offense may have on enhancing the permissible punishment for an offense he committed here.

Absent binding authority, we do not accept the premise, however, that citizens of another state may dictate how offenses committed in that state affect the punishment that applies for offenses committed in this one. We think our role is more appropriately directed to applying the laws of our own state, particularly, where, as demonstrated below in the case before us, resorting to the plain language of the applicable laws of our own state can resolve the issue.

The State argues that the trial court did not follow the laws of our state because it disregarded our penal code's definition of felony. Under section 1.07(23) of the Texas Penal Code, a felony is "an offense so designated by law or punishable by death or confinement in a penitentiary." By its plain language, that definition applies to [petitioner]'s Iowa offense because, although [petitioner] was actually punished by confinement in jail, as both sides agree, the offense he committed was punishable by confinement in a penitentiary.

But [petitioner] urges that we should also consider subsection (31) of penal code section 1.07, which defines a misdemeanor as "an offense so designated by law or punishable by fine, by confinement in jail, or by both fine and confinement in jail." The parties agree that the offense for which [petitioner] was previously convicted has been classified by Iowa statutory law as an "aggravated misdemeanor." But for purposes of Texas law, does that mean it has been

12

"designated by law" as a misdemeanor? Under the pertinent portion of penal code section 1.07(30), "law" means "a statute of this state or of the United States." The penal code does not specifically define the term "the United States" but the Code Construction Act distinguishes "State" from "United States." Applying these definitions to "designated by law," the phrase appears to apply only to laws of our state and the federal government and not to those of another state. Therefore, despite the parties' agreeing that Iowa has designated [petitioner]'s prior offense as a misdemeanor, that does not appear to mean for purposes of section 1.07 of our penal code that the offense has been "designated by law" as a misdemeanor.

But let us examine the remainder of subsection (31) to determine whether [petitioner]'s prior offense meets the definition of misdemeanor under this provision. Was the offense punishable by confinement in jail? Again, because [petitioner] was actually punished by confinement in jail, the offense was punishable by confinement in jail. Therefore, as with subsection (23), the plain language of subsection (31) also applies to [petitioner]'s prior offense committed in Iowa. In this sense, [petitioner] is correct when he says that the two subsections "have some overlap." But he is not correct when he concludes that if his offense meets section 1.07's definition of "misdemeanor" that it could not also meet that of "felony." As we have seen, the "aggravated misdemeanor" in Iowa meets the definitions of both "felony" and "misdemeanor" in Texas. Under section 1.07 of our penal code, at least, [petitioner]'s prior offense was *both* a felony and a misdemeanor.

Returning to section 12.41 and remembering that the plain language of that statute mandates that convictions obtained from prosecutions elsewhere (such as in Iowa) *shall be classified* as set forth in the statute, we examine more closely [petitioner]'s position that subsection (2) and not subsection (1) applies. Subsection (1) provides that a conviction from a foreign jurisdiction is to be classified as a "felony of the third degree" *if imprisonment in . . . [a] penitentiary* is affixed to the offense as a *possible* punishment. We have already seen that subsection (1) applies to [petitioner]'s prior Iowa conviction because imprisonment in a penitentiary was a possible

13

punishment. But, as with subsections (23) and (31) of section 1.07, do both subsections apply? Subsection (2) provides that a conviction from a foreign jurisdiction is to be classified as a "misdemeanor" if the offense is *not a felony and* confinement in a jail is affixed as a possible punishment. We have resolved that the prior conviction carried confinement in jail as a possible punishment; therefore, that phrase of subsection (2) applies. But does all of it? Was the offense also not a felony? We may assume it was not a felony under Iowa law because it was an aggravated misdemeanor, but as discussed above, under our penal code section 1.07's definitions of felony and misdemeanor, a similar assumption does not apply. We can, however, settle the issue by applying the plain language of section 12.41 because there is one and only one subsection that fits. The other two do not.

We exclude subsection (3) because the offense was not punishable by a fine only. But we must also rule out subsection (2) because it requires that the prior offense *is not a felony,* and as we have discussed, under section 1.07, the prior offense is *both* a misdemeanor *and a felony.* There is no similar prohibition in subsection (1) regarding misdemeanors; that is, the subsection does not state "must not be a misdemeanor." The only requirement of subsection (1) is that imprisonment in a penitentiary is affixed to the offense as a possible punishment. Therefore, we hold that the plain language of subsection (1) applies.

But does that plain language lead to absurd results? Other states with statutory enhancement provisions similar to section 12.41 have identified a non-absurd rationale for permitting an out-of-state misdemeanor conviction to be classified as a prior felony for punishment enhancement purposes. That is, some states do not classify offenses as felonies or misdemeanors at all; in some states, offenses are classified by classes or degrees, and punishment is based on that classification.

[Petitioner] suggests that interpreting section 12.41 as we have will lead to the "absurd result" of an offense's characterization as a felony for enhancement purposes but not as a felony for other purposes, such as whether he could be considered a felon under other statutes. How offenses are treated for enhancement

14

purposes in Texas is a distinct issue from any that may
be presented by application of other statutes, such as
those that are listed here. [Petitioner] has not
persuaded us with argument or cited authorities that
our application of the plain language in this case
leads to a result that is absurd. Moreover, by
focusing on the punishment available for an offense
committed in the state in which it was committed,
section 12.41 avoids the absurdity of entangling every
state's offense classification nomenclature in the
determination of how to punish an offense committed in
Texas.

    Because the plain language of the statute cleanly
resolves this issue and does not lead to absurd
results, we hold that the trial court erred by
disregarding it. . . . The order quashing the
indictment is reversed . . . .

(Mem. Op. on Remand 2-10 (citations and footnotes omitted) (emphasis in original).)

The appellate court revisited the issue on appeal from petitioner's final convictions. Relying on relevant state and federal law, the court provided:

    [Petitioner] argues that the trial court erred by
denying his motion to quash the enhancement counts in
the aggravated assault case based upon the Full Faith
and Credit Clause of the United States Constitution.
[Petitioner] concedes that this court has previously
ruled in this case that Texas law requires that his
Iowa convictions be treated as third-degree felonies
under penal code section 12.41. [Petitioner], however,
argues that this court did not previously consider
whether Texas law—through the operation of penal code
section 12.41—violates the Full Faith and Credit Clause
of the United States Constitution by not giving effect
to the judicial proceedings of the Iowa court. Without
citing any authority, [petitioner] contends that
because the Full Faith and Credit Clause requires Texas
to honor the judicial proceedings of Iowa, classifying
his Iowa convictions as felonies violates the United
States Constitution.

15

On its face, the Full Faith and Credit Clause requires that "full faith and credit" be given by each state to the "public acts" (i.e., laws) of every other state. However, neither the United States Supreme Court nor the Texas Court of Criminal Appeals has recognized a rigid enforcement requirement of the Full Faith and Credit Clause in criminal matters. As the Supreme Court has stated, "A rigid and literal enforcement of the full faith and credit clause, without regard to the statute of the forum, would lead to the absurd result that, wherever the conflict arises, the statute of each state must be enforced in the courts of the other, but cannot be in its own."

Generally, a weighing of various conflicting interests determines whether the law of another state is applicable in the forum state. One of the basic tenets of conflict-of-law resolution, however, is that "[a] court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law."

Here, we need not engage in a weighing of the public policy behind Iowa's punishment scheme versus the public policy behind Texas's punishment scheme because "the [Texas] Legislature [has] enacted a statute to deal specifically with the classification for enhancement purposes of convictions obtained outside the [Texas] Penal Code." As set forth in our prior decision, Texas Penal Code section 12.41 is the statutory directive that governs whether [petitioner]'s Iowa convictions may be used for enhancement purposes in Texas. Section 12.41 focuses on the punishment range available for an offense committed in the state in which it was committed, rather than entangling every state's offense classification nomenclature in the determination of how to classify an out-of-state conviction. The plain language of section 12.41 leaves no doubt that the legislature intended to make federal or out-of-state convictions that provide a possible punishment of imprisonment in the Texas Department of Criminal Justice "or another penitentiary"—like [petitioner]'s Iowa convictions—third-degree felonies that may be used for enhancement purposes.

Because the Texas Legislature has enacted a specific statute to classify for enhancement purposes any conviction obtained outside the Texas Penal Code

> and because we have previously applied that statute to the Iowa convictions at issue here and have determined that the convictions are third-degree felonies for purposes of enhancement in Texas, we decline to extend full faith and credit to Iowa's classification nomenclature.

(Mem. Op. 18-22 (footnotes and citations omitted).)

To the extent petitioner claims that the state court abused its discretion by ruling that his Iowa convictions could be used for purposes of enhancement, the claim fails. A state court's interpretation of state law binds a federal court sitting in habeas corpus. *See Amador v. Quarterman,* 458 F.3d 397, 412 (5th Cir. 2006) (providing a federal habeas court must defer to a state court's interpretation of state law). The classification of an offense for sentencing purposes is, absent exceptional circumstances not presented in this petition, purely a matter of state law and is therefore not cognizable on federal habeas review. *See Mendiola v. Estelle,* 635 F.2d 487, 489 (5th Cir. 1984); *Weeks v. Scott,* 55 F.3d 1059, 1063 (5th Cir. 1995). *See also Estelle v. McGuire,* 502 U.S. 62, 6768 (1991) (providing it is not the province of a federal habeas court to re-examine state court determinations of state law questions); *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975) (providing state courts are the ultimate expositors of state law and federal courts entertaining petitions for writs of habeas corpus are bound by their constructions except in extreme circumstances).

To the extent petitioner raises a constitutional full-faith-

and-credit claim, the state court applied the correct federal law and its decision was not contrary to, or an unreasonable application of that law. *See Alaska Packers Assn v. Indus. Accident Comm'n,* 294 U.S. 532, 547 (1935) (providing the conflict between the statutes of two states ought not to be resolved by giving automatic effect to the full faith and credit clause, compelling the courts of each state to subordinate its own statutes to those of the other, but by appraising the governmental interests of each jurisdiction, and turning the scale of decision according to their weight). Petitioner provides no legal authority or persuasive argument that the Full Faith and Credit Clause compels one state to subordinate its own statutes to those of another where the issue is the role of a prior state conviction(s) in the Texas sentencing scheme. Petitioner is not entitled to relief.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED July 29, 2019.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE